UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY MEYER                              CIVIL ACTION

VERSUS                                  NO. 06-10482

WAL-MART LOUISIANA, LLC, ET AL          SECTION "C" (5)


ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal.  Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their

subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must

prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.

This showing may be made by either: (1) demonstrating that it is facially apparent that

the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in

controversy that support a finding of the jurisdictional minimum.  Id.  It is the

recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted,

and, if appropriately challenged, or if inquiry be made by the court of its own motion,

to support the allegation."   St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S.

283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189

(1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied,

459 U.S. 1107 (1983).

　　　　In this matter, the plaintiff sues for injuries allegedly sustained when a ladder fell

on her in a store owned by the defendant.  The defendant does not argue, and the Court

does not find, that the jurisdictional minimum is facially apparent from the petition in

this matter.  The defendant argues instead that the plaintiff has testified to neck

symptoms and has been diagnosed with a posterior protrusion of the C5-6

intervertebral disc.  The defendant also offers that the plaintiff admitted in discovery that her injuries were less than the jurisdictional threshold, but refused to so stipulate.

The Court finds that the defendant has not met its burden under these circumstances.  The record contains no recommendation for surgery and no finding of disability.  The cases upon which the defendant relies are distinguishable in that they involved other injuries, diagnoses and treatments.

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly, IT IS ORDERED that this matter be and hereby is REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 12th day of March, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE